## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT FERRARA, | : CIVIL ACTION NO: |
| PLAINTIFF, | 3:17-CV-0360-JCH |
| | |
| V. | : |
| | |
| JOSEPH MATURO, JR, MAYOR; | : |
| EDWARD LENNON, CHIEF OF POLICE; | |
| BRENT LARRABEE, CHIEF OF POLICE; | |
| JAMES NACCARATO, DEPUTY CHIEF OF POLICE; | : |
| CRAIG MICHALOWSKI, POLICE SERGEANT; | |
| KEVIN KLARMAN, POLICE SERGEANT; | |
| ROBERT BROCKETT, POLICE OFFICER; | : |
| TOWN OF EAST HAVEN; AND THE EAST | |
| HAVEN BOARD OF POLICE COMMISSIONERS, | |
| DEFENDANTS | : JULY 20, 2017 |

## AMENDED COMPLAINT

### I.   NATURE OF ACTION

1.   This is an action for deprivation of civil rights pursuant to 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution Connecticut Constitution that secure for the Plaintiff to be free from retaliation for speech on a matter of public concern.  Defendants violated Plaintiff's rights protected by the procedural due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and related torts under the common law of the State of Connecticut. The Plaintiff was and continues to be retaliated against by adverse employment actions for speaking out against police misconduct and corruption. This action also seeks injunctive relief and a declaratory judgment.

II.   **JURISDICTION AND VENUE**

2.   The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1367, 2201, 2202 and 42 U.S.C. § §1983, 1988 the First and Fourteenth Amendments to the United States Constitution, the Connecticut Constitution, and Connecticut General Statutes ("CGS") §52-557.

3.   Venue is proper within this judicial district pursuant to 28 U.S.C. §1391 because all of the Defendants are residents of the State of Connecticut and a substantial part of the events or omissions giving rise to the claims occurred in the State of Connecticut.

4.   The Court has personal jurisdiction over the individual Defendants because they are residents of the State of Connecticut and subject to general jurisdiction in this state and because they committed tortious acts, from which this cause of action arises, in the State of Connecticut.

5.   The Court has personal jurisdiction over the Town of East Haven and the Board of Police Commissioners because the Town of East Haven is subject to general jurisdiction in the State of Connecticut and because they committed the tortious acts from which some of the causes of action arise.

III.   **PARTIES**

6.   The Plaintiff, VINCENT FERRARA ("Ferrara") at all times mentioned herein was a resident of the State of Connecticut and a duly appointed Police Officer for the Town of East Haven.

2

7.      The Defendant, JOSEPH MATURO, JR. ("Maturo"), during all times mentioned in this action, was a duly elected Mayor for the Town of East Haven. He is sued in his individual and official capacity.

8.      The Defendant, EDWARD LENNON ("Lennon"), during all times mentioned in this action, was a duly appointed Chief of Police for the Town of East Haven Police Department. He is sued in his individual and official capacity.

9.      The Defendant, BRENT LARRABEE ("Larrabee"), during all times mentioned in this action, until July 2016, was a duly appointed Chief of Police for the Town of East Haven Police Department. He is sued in his individual and official capacity.

10.     The Defendant, JAMES NACCARATO ("Naccarato"), during all times mentioned in this action, was a duly appointed Deputy Police Chief for the Town of East Haven Police Department. He is sued in his individual and official capacity.

11.     The Defendant, CRAIG MICHALOWSKI ("Michalowski"), during all times mentioned in this action, was a duly appointed Police Sergeant for the Town of East Haven Police Department. He is sued in his individual and official capacity.

12.     The Defendant, KEVIN KLARMAN ("Klarman"), during all times mentioned in this action, was a duly appointed Police Sergeant for the Town of East Haven Police Department. He is sued in his individual and official capacity.

13.     The Defendant, ROBERT BROCKETT ("Brockett"), during all times mentioned in this action, was a duly appointed Police Officer for the Town of East Haven Police Department. He is sued in his individual and official capacity.

14.     The Defendant, TOWN OF EAST HAVEN, during all times mentioned in this action, was a municipality incorporated under the laws and within the State of Connecticut and is subject to indemnify the individual Defendants pursuant to CGS 52-557.

15.     The Defendant, EAST HAVEN BOARD OF POLICE COMMISSIONERS ("EHBPC"), during all times mentioned in this action, was a political sub-unit of the Town of East Haven and the body responsible for discipline, including appointing and removing officers and employees, at the East Haven Police Department.


IV.     **FACTS APPLICABLE TO ALL CAUSES OF ACTION**

16.     The individual Defendants, during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States and State of Connecticut, the laws, charter, ordinances, polices, rules, regulations, customs and usages of the State of Connecticut and the Town of East Haven.

17.     The Defendant Maturo, in his capacity as Mayor of the Defendant Town of East Haven is a policy maker for the Town of East Haven.

18.     The Defendant Lennon, in his capacity as Chief of Police of the Defendant Town of East Haven is a policy maker for the Town of East Haven.

19.    The Defendant Larrabee, in his capacity as Chief of Police of the Defendant Town of East Haven is a policy maker for the Town of East Haven.

20.    The Defendants EHBPC, as a sub-unit of the Defendant Town of East Haven are policy makers for the Town of East Haven.

21.    The Plaintiff has been a sworn police officer for the Town of East Haven since 2007.

22.    On or about September, 2009 the United States Department of Justice ("DOJ") Civil Rights Division began an investigation of police misconduct, violations of constitutional rights and discrimination, including racial profiling, illegal searches and excessive force, of the Town of East Haven Police Department ("EHPD").

23.    This investigation focused on allegations that EHPD officers engaged in bias policing, unconstitutional searches and seizures, and the use of excessive force.

24.    On December 19, 2011, at the conclusion of the civil investigation, the DOJ Civil Rights Division sent a letter to the Defendant Joseph Maturo Jr., Mayor of the Town of East Haven regarding its findings from this investigation.

25.    The DOJ Civil Rights Division found, inter alia, that "EHPD engages in a pattern or practice of systemically discriminating against Latinos in violation of the Fourteenth Amendment to the Constitution, Title VI [42 U.S.C. §2000d] and the Safe Streets Act. [42 U.S.C. § 3789d]."

26.    The DOJ Civil Rights Division also found, as an "additional area of serious concern," that then "Chief Gallo and other EHPD officers created a hostile

and intimidating environment for persons who wished to cooperate with [their] investigation at EHPD."

27.   This hostile and intimidating environment included "notes that were publically displayed outside individual offices referencing our investigation in a disparaging manner and messages on a police union bulletin board that referred to 'rats' at EHPD."

28.   Despite the DOJ Civil Rights Division notifying Chief Gallo that they would keep confidential the names of individuals who cooperated with the investigation, the DOJ found that "Chief Gallo had warned staff that DOJ had agreed to provide him with the names of individuals who cooperated with the investigation..."

29.   DOJ Civil Rights Division investigators were told by EHPD officers that they could not guarantee their safety during ride-alongs with officers; EHPD officers and union representatives exhibited hostility and intimidation towards these investigators and anyone who cooperated with them.

30.   From the time he began working at EHPD the Plaintiff observed misconduct and violations of rights by EHPD officers.

31.   On or about 2010 the DOJ Criminal Division began a criminal investigation of EHPD.

32.   On or about December 2010, Plaintiff contacted and informed the United States Federal Bureau of Investigation ("FBI"), regarding his observations of misconduct by officers at the EHPD.

33.     From that time, Plaintiff assisted the FBI and DOJ in their criminal investigation of the EHPD.  This included many clandestine meetings with FBI agents and prosecutors, where he provided information regarding illegal acts by EHPD officers and other Town of East Haven officials.

34.     Plaintiff reported to FBI agents his observations of discriminatory and illegal actions of EHPD officers and the corrupt policy of EHPD and Town of East Haven that fostered violations of individuals' constitutional rights.

35.     During the criminal investigation of EHPD Plaintiff reported to the FBI that in 2007, that then officer Klarman used excessive force upon a shoplifting suspect.  Klarman yanked around and began to strangle a handcuffed suspect until he was stopped.

36.     On or about February 1, 2011, Plaintiff was subpoenaed to testify before a grand jury in the United States District Court for the District of Connecticut on February 16, 2011.

37.     Plaintiff testified before the grand jury regarding EHPD officers and other officials' unconstitutional practices and their discriminatory and illegal policies.

38.     From the time of the DOJ criminal investigation, and after learning of Plaintiff's cooperation with the FBI, EHPD officers, command and rank and file officers have harassed, intimidated and ostracized Plaintiff.  The instances of this retaliation have continued unabated until the present.

39. At a union meeting in 2011, EHPD officers and union leaders confronted Plaintiff surrounding him and questioning him in an attempt to intimidate and dissuade him from providing information to the FBI.

40. At a union meeting in 2011, Plaintiff was confronted by an EHPD officer and union member who in a threatening manner told him, "We know you are talking to the feds."

41. EHPD officers placed a cartoon poster on Plaintiff's locker at the EHPD that depicted individuals appearing to be gangsters holding a blow dryer to a snowman and stating, "You know what we do to snitches"?

42. Newly appointed officers are told to "watch out for Ferrara" and ordered by supervisors Michalowski and Klarman not to associate with Plaintiff.

43. Defendant Sergeant Klarman was promoted despite his misconduct and has harassed and intimidated Plaintiff.

44. Klarman instructed officers not to associate with plaintiff and ordered them not to meet with him on the road.

45. Defendant Professional Standards Officer Brockett has told others that Plaintiff was a "rat" and that he would not back up Plaintiff on calls.

46. After Plaintiff complained to Defendant Chief Plaintiff about Brockett's threats and misconduct Larrabee rebuffed it and refused to take action.

47. Prior to his arrest, then Sergeant John Miller put a gun to Plaintiff's chest in an attempt to intimidate him from cooperating. After his release from prison Miller obtained a position at union Council 15.

48.    During the criminal investigation, at a union meeting at which Plaintiff was present, Town of East Haven, Town Attorney Hugh Keefe stated, "First thing we have to do is find out who the rats are".

49.    From the time of his cooperation to the present, Defendants have subjected Plaintiff to retaliatory threats, numerous sham internal investigations, and excessive, false performance evaluations, denial of assignments, and retaliatory discipline.

50.    In retaliation for his speech, Plaintiff was denied DEA Task Force, FBI Task Force, K-9 training and position, hostage negotiator, regional swat team.

51.    Plaintiff was repeatedly asked by superiors to quit the EHPD Honor Guard, he was left out of events and forced to resign.

52.    On or about January 18, 2012, Sergeant John Miller, Officers Dennis Spaulding, David Cari, and Jason Zullo were indicted by a federal grand jury for criminal violations of deprivations of rights, false arrest, unreasonable search, and excessive force in violation of 18 U.S.C. § 242 and false reports, obstruction of justice in violation of 18 U.S.C § 1519 and Conspiracy against rights in violation of 18 U.S.C. § 241.

53.    The Indictment included instances of harassment and intimidation of fellow officers believed to be cooperating with the DOJ/FBI.

54.    During the DOJ and FBI investigation Defendants learned that Plaintiff assisted the FBI in their investigation.

55.   After the Defendants learned that Plaintiff assisted the FBI they began a pattern of harassment, false charges, internal investigations, in retaliation for Plaintiff's speaking out against corrupt officers and EHPD policies.

56.   In 2012 Naccarato was the "Professional Standard Officer" for the EHPD.

57.   In 2016 Brockett was appointed the "Professional Standard Officer" for the EHPD.

58.    Naccarato and subsequently Brockett in concert with the other individual Defendants initiated retaliatory and unjustified internal investigations against the Plaintiff.

59.   In July 2016 Naccarato was promoted from Officer to Deputy Chief.  Upon his promotion, he sanctioned further harassment, intimidation and retaliation against Plaintiff.

60.   In 2016 Defendant Sergeant Michalowski initiated a false complaint of unreasonable force against Plaintiff.

61.   On numerous occasions, Michalowski and Klarman have engaged in harassing and threatening behavior against Plaintiff, singled him out for discipline, and told other officers not to communicate or associate with Plaintiff.

62.   Defendants falsely and maliciously made material misstatements and omitted material facts from their reports.

63.   On March 29, 2016, Larrabee found, without cause that Plaintiff violated the "Disciplinary Matrix" 209.2 and falsely held that it "carried a presumptive penalty of 10 days suspension" and suspended Plaintiff for ten days.

64.    Plaintiff appealed the suspension to the EHBPC who initially stated they would overturn the suspension, and exonerate Plaintiff, then after an illegal "executive session" and then a postponement of the meeting initiated by Chief Lennon and Town Attorney Zullo the EHBPC improperly upheld the suspension.

65.    Defendants Maturo, Larrabee and Lennon and the Board of Police Commissioners, are required, pursuant to a Settlement Agreement and Compliance Order in *United State of America v. Town of East Haven and East Haven Board of Police Commissioners*, 3:12-cv-01652-AWT, ("Settlement Agreement"), to have a policy that "expressly prohibit[s] all forms of retaliation, whether subtle or direct, including discouragement, intimidation, coercion, or adverse action, against any person, civilian or officer, who reports misconduct, makes a misconduct complaint or cooperates with an investigation of misconduct. The default penalty for retaliation shall be termination."

66.    Defendant Mayor Maturo was advised by the DOJ in December 2011 of his "obligation to prevent retaliation" and, along with the EHBPC was signatory on the Settlement Agreement.

67.    Defendants by retaliating, as aforementioned, against Plaintiff, have violated the Order.

68.    Defendants conducted sham investigations and instituted discipline, including suspensions against Plaintiff based on his desire to retaliate against Plaintiff and his speech on a matter of public concern.

69.     Lennon initiated false and dubious internal investigations against Plaintiff in retaliation for his protected speech.

70.     Maturo, Larrabee and Lennon and the Board of Police Commissioners, despite authority to rectify the misconduct, instead ratified and promoted the violations aforementioned.

71.     Plaintiff filed grievances and complained to Defendants Maturo, Larrabee, Lennon and EHBPD about the retaliation, which they ignored.

72.     Defendants should have known that emotional distress and physical injury was the likely result of their actions.

73.     As a consequence of the actions of the Defendants, the Plaintiff suffered great humiliation, pain, embarrassment, anxiety, stress, emotional mental upset, and loss of sleep, lost revenue, and attorney's fees.

74.     Defendants knew that their conduct was abusive, and conspired to create a hostile work environment in an attempt to force the Plaintiff from his position without process, knowing that it would deny him procedural protections.


**V.      COUNT ONE-DEPRIVATION OF RIGHTS: FIRST AMENDMENT RETALIATION**

75.     Plaintiff realleges all paragraphs as set forth fully herein.

76.     The Plaintiffs complaints and statements to the Defendants, FBI, DOJ and the Grand Jury regarding unconstitutional and criminal misconduct by the EHPD were protected by the First Amendment as they would be fairly characterized as constituting speech on a matter of public concern.

77. The Plaintiffs speech concerning the aforementioned EHPD criminal misconduct was made based on his interest as a citizen to comment on matters of public concern and did not conflict with expected interest of his employer in promoting the efficiency of the public services the East Haven Police Department perform through its employees.

78. The Defendants, jointly and severally, operated to deny the Plaintiff his rights to protected speech pursuant to the First Amendment of the United States Constitution.

79. For the reasons set forth above, the injuries to the Plaintiff were the direct and proximate cause of the intentional actions of the Defendants.

80. Defendants have wrongfully denied Plaintiff training, special details and assignments in retaliation for his speech on a matter of public concern.

81. The Defendants, during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States and State of Connecticut, the laws, charter, ordinances, policies, rules, regulations, customs and usages of the State of Connecticut and Town of East Haven.

82. The Defendants, by their conduct violated the Free Speech rights guaranteed to the Plaintiff by the First Amendment to the United States Constitution, as secured by the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Connecticut.

83. Defendants' actions were in retaliation for Plaintiff's assertion of rights guaranteed under the aforementioned statutes, policies, laws and the Constitutions of the United States and State of Connecticut.

## VI.    COUNT TWO- DEPRIVATION OF RIGHTS -FOURTEENTH AMENDMENT

84.   Plaintiff realleges all paragraphs as set forth fully herein.

85.   The Defendants, by their conduct violated the Procedural Due Process rights guaranteed to the Plaintiffs by the 14th Amendment to the United States Constitution and the Constitution of the State of Connecticut.

86.   The defendants, by their conduct violated the Equal Protection rights guaranteed to the plaintiff by the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Connecticut.

87.   Defendants failed to have adequate polices and/or procedures in place concerning the investigation and discipline of plaintiff and failed to follow those procedures that were in place.

88.   Defendants knew that their attempt to suspend and take other investigations and discipline against Plaintiff was untenable and conspired to use the investigation and discipline process to harass and intimidate plaintiff and to retaliate against him, knowing that it would deny him procedural protections.

89.   The Defendants had the legal duty to establish, enforce, direct, supervise and establish and control policies, customs, practices, usages, and procedures to be used by State and Municipal officials.

90.   Defendant conspired through commission and omission seeking to suspend Plaintiff from his position in retaliation for his assertion of rights guaranteed under the aforementioned statutes, policies, laws and the Constitutions of the United States and State of Connecticut.

91.     Defendants have orchestrated a joint effort to force Plaintiff from his government employment and prevent him from receiving the equal protection of the laws.

92.     The Plaintiff seeks injunctive relief prohibiting defendants from retaliating against him and a declaratory judgment that the Defendants are in violation to the United States Constitution.

## VII.     COUNT THREE-DEPRIVATION OF RIGHTS -TOWN OF EAST HAVEN

93.     The actions of the Defendants violated the Plaintiff's First and Fourteenth Amendment rights to free speech, due process and equal application of the law.

94.     Maturo, Larrabee, Lennon, and the Board of Police Commissioners as policy makers, and their subordinates continued the retaliation against Plaintiff in furtherance of the practice, custom and procedure of the Town of East Haven.

95.     The Plaintiff was charged with misconduct that the Defendants know or should have known were are illegal and supplanted false information and omitted valid information from their records and documents in order to deny Plaintiff the rights, customs, practices and fairness under Connecticut State Statutes, regulations, policies and the collective bargaining agreement.

96.     The Defendants, jointly and severally, had the legal duty to establish, enforce, direct, supervise and establish and control policies, customs, practices, usages, and procedures.

97.    The Defendants acting within that duty had by various acts of omission and commission fostered and encouraged an atmosphere of lawlessness, repression and a repetitive policy, custom and practice of abusive and discriminatory behavior and procedures toward Plaintiff which represented the policy, practice, custom, usage and procedure of the Town of East Haven, and that Maturo and Larrabee and Lennon, as policy makers, and their subordinates continued against Plaintiff in furtherance of the practice, custom and procedure of the Town of East Haven.

98.    These policies were and continue to be used unconstitutionally, illegally, immorally and unethically to retaliate against Plaintiff, and other similarly situated officers, who speak on a matter of public concern.

99.    Defendants have orchestrated a joint effort to force Plaintiff from his government employment and prevent him from receiving the equal protection of the laws.

100.    The complained of acts represent the official policy of the Town of East Haven.

## VIII.    COUNT FOUR-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

101.    The acts and conduct of the individual Defendants constitute intentional infliction of emotional distress upon the Plaintiff, for which the Defendants are liable to the Plaintiff at common law.

102.    The Defendants' intended to inflict emotional distress, or knew that or should have known that emotional distress was a likely result of their conduct.

103.    The Defendants' conduct was extreme and outrageous.

104.   The Defendants' conduct caused the Plaintiff severe emotional distress

105.   Plaintiff claims damages.

## IX.   COUNT FIVE-LIABILITY UNDER CGS § 52-557n

106.   Plaintiff realleges all paragraphs as set forth fully herein.

107.   Pursuant to Connecticut General Statutes § 52-557 the Defendant Town of East Haven is liable for damages suffered by Plaintiff due to the negligence of their employees, officers and/or agents as set forth herein.

108.   The actions of the defendants place the plaintiff in imminent harm.

## X.   COUNT SIX- LIABILITY UNDER CGS § 31-51

109.   Plaintiff realleges all paragraphs as set forth fully herein.

110.   In the manner set forth above the defendants retaliated against the plaintiff in violation of Connecticut General Statutes § 31-51q.

111.   The plaintiff claims compensatory damages, punitive damages and such injunctive relief as the court may consider fair and equitable, including attorney fees and costs.

**WHEREFORE**, THE PLAINTIFF CLAIMS:

1. Compensatory money damages from each Defendant;

2. Punitive damages from each Defendant;

3. Injunctive relief and a declaratory judgment that the Defendants' acts policies and practices herein described have violated Plaintiff's rights under the First and Fourteenth Amendment to the United States Constitution as guaranteed pursuant to 42 U.S.C. § 1983;

17

4.  Any and all nominal damages from each Defendant;

5.  Attorney's fees as provided by 42 U.S.C.  §§ 1983 and 1988;

6.  Common law attorneys fees;

7.  All costs associated with the bringing of this lawsuit;

8.  Such other relief as in equity may pertain.


## CLAIM FOR A JURY TRIAL

The Plaintiff requests a trial by jury for all issues in this case.

PLAINTIFF,

VINCENT FERRARA


BY:   /S/ *James S. Brewer*
_____
James S. Brewer
67 Russ Street
Hartford, CT 06106
860-217-0652
Bar No. ct 07019
jbreweratty@gmail.com
HIS ATTORNEY


## CERTIFICATION

I hereby certify that on July 20, 2017, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].

/s/ *James S. Brewer*
JAMES S. BREWER

18